# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06 CR 250-6

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **MARIA TERESA CORDERO FLORES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, pursuant to a motion for a detention hearing filed by defendant's counsel entitled, "Motion for Detention Hearing"(#179) filed on December 6, 2006, and it appearing to the court that on October 12, 2006 the defendant waived the detention hearing and requested permission to be heard further as to the issue of detention at a later time and that on December 6, 2006 the defendant requested such a hearing. At the call of this matter on for hearing, the defendant was present with her attorney, Jason R. Hayes. The Government was represented by Assistant United States Attorney Corey Ellis. At the call of this matter, the defendant entered a plea of guilty to the charge of using a communication facility to commit, cause or facilitate the commission of a felony under the Controlled Substances Act. Immediately thereafter the defendant requested to be heard on her motion for a detention hearing. The Government introduced into evidence a United States Pretrial Services Report which showed that the defendant was a resident of the Republic of Chile and was legally admitted to the United States as a non-immigrant on December 5, 2003 and was given permission to remain in the United States until June 2, 2004. The defendant contended, through her counsel, that

she was a citizen and resident of Costa Rica and that she had legally entered into the United States but that her immigration visa had expired. The defendant further presented evidence that she had a place to live and a custodian who could supervise the defendant if the defendant was released.

**Discussion**: 18 U.S.C. § 3142(d), provides as follows:

> **Temporary detention to permit revocation of conditional release, deportation, or exclusion.–** If the judicial officer determines that --
> 1) such person--
>    ( A) is, and was at the time the offense was committed, on--
>       (i) release pending trial for a felony under Federal. State, or local law;
>       (ii) release pending imposition or execution of sentence, appeal of sentence or conviction, or completion of sentence, for any offense under Federal, State, or local law; or
>       (iii) probation or parole for any offense under Federal, State, or local law; or
>    (B) is not a citizen of the United States or lawfully admitted for permanent residence, as defined in section 101(a)(20) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(20)); and
> 2) such person may flee or pose a danger to any other person or the community;
> such judicial officer shall order the detention of such person, for a period of not more than ten days, excluding Saturdays, Sundays, and holidays, and direct the attorney for the Government to notify the appropriate court, probation or parole official, or State or local law enforcement official, or the appropriate official of the Immigration and Naturalization Service. If the official fails or declines to take such person into custody during that period, such person shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings.

It appears that at the time of the offense that this defendant was not a citizen of the United States nor was she lawfully admitted for permanent residence and that the defendant may flee the jurisdiction. The language of the statute is mandatory and uses the words "shall order".

Based upon the foregoing it is hereby ordered that the United States Attorney notify the appropriate official of the Immigration and Naturalization Service of these proceedings. If the official fails or declines to take such person into their custody during the period as set forth in 18 U.S.C. § 3142(d), that being ten days exclusive of holidays, then thereafter the defendant shall be treated in accordance with other provisions of this subsection, including those as set forth under 18 U.S.C. § 3142(g) for the purpose of considering the terms and conditions of pretrial release.

**ORDER**

WHEREFORE IT IS **ORDERED** that the United States Attorney notify the appropriate official of the Immigration and Naturalization Service of the arrest of the defendant. If the official fails or declines to take the defendant into custody during the ten day period of time as set forth in 18 U.S.C. § 3142(d), the this matter shall be rescheduled immediately thereafter for further proceedings in this matter.

Signed: January 4, 2007

Dennis L. Howell
United States Magistrate Judge