# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06 CR 250-6

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| MARIA TERESA CORDERO FLORES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, pursuant to a motion filed by the defendant entitled, "Motion for Detention Hearing"(#244) and also pursuant to an order (#226) entered by the undersigned on January 4, 2007 and it appearing to the court at the call of this motion on for hearing that the defendant was present with counsel, Jason R. Hayes and the Government was present through Assistant United States Attorney Don Gast and from the evidence offered and the arguments of counsel for the Government and counsel for the defendant, the court makes the following findings:

**Findings:** On December 20, 2006 the undersigned held a hearing regarding the detention of the defendant based upon a motion filed by defendant's counsel entitled, "Motion for Detention Hearing" (#179) which had been filed on December 6, 2006. At that time, the undersigned entered an oral order which was followed by a written order finding that the defendant's detention was governed under the provisions of 18 U.S.C. § 3142(d). The undersigned ordered that the United States Attorney notify the appropriate official of the Immigration and Naturalization Service of the arrest of the defendant and that if that official failed or declined to take the defendant into custody during the ten day period of time as set

forth under 18 U.S.C. § 3142(d) that this matter would be rescheduled immediately thereafter for further proceedings. On the day of the hearing the Government introduced into evidence an Immigration Detainer and Notice of Action which had been filed on or about December 22, 2006 by the United States Immigration and Customs Enforcement Agency. In that document, the agency required that the defendant be detained and that the Immigration Service be given notice at least thirty (30) days prior to the release of the defendant so that the Immigration Service could take the defendant into custody. As a result, it appears that the undersigned does not have authority to release the defendant. If the defendant were released, she would have to be placed immediately into the custody of the United States Immigration and Customs Enforcement Agency and she would then be immediately deported. Such deportation would prevent the defendant from serving any active sentence and would result in the defendant being absent from the jurisdiction of the court. As a result, the undersigned has determined to enter an order denying the defendant's "Motion for Detention Hearing".

**ORDER**

WHEREFORE the "Motion for Detention Hearing" (#244) is hereby **DENIED.**

Signed: January 23, 2007

Dennis L. Howell
United States Magistrate Judge